# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>KYLE LAMONT WATIS, dba B&K HOME PRESERVATION,<br><br>　　　　Defendant and Judgment Debtor.<br><br>BANK OF AMERICA, N.A.,<br>(and its Successors and Assignees)<br><br>　　　　Garnishee. | Case No.: 1:21-mc-00009-AWI-SAB<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING GRANTING REQUEST FOR FINAL ORDER OF GARNISHMENT<br><br>ORDER REQUIRING THE GOVERNMENT TO SERVE A COPY OF THE FINDINGS AND RECOMMENDATIONS<br><br>(ECF No. 12)<br><br>OBJECTIONS DUE WITHIN TWENTY-ONE DAYS |

**I.**

**INTRODUCTION**

Currently pending before the Court is the United States of America's (the "Government"), request made pursuant to Section 3205(c)(7) of the Federal Debt Collection Procedure Act 28 U.S.C. § 3001, *et seq.* (the "FDCPA"), for a final order garnishing the property and accounts of Defendant and Judgment Debtor Kyle Lamont Watis, dba B&K Home Preservation ("Defendant"). The matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302(c)(7). The Court, having reviewed its files and the Government's request, recommends that the request be granted.

/ / /

## II.

## BACKGROUND

On August 13, 2001, Defendant was sentenced in the criminal case <u>United States v. Kyle Lamont Watis</u>, and ordered to pay a statutory assessment of $100.00 and restitution in the amount of $12,318.76, plus interest. <u>United States v. Kyle Lamont Watis</u>, case no. 1:01-cr-05093-OWW (E.D. Cal. 2001), (ECF Nos. 15, 16, 17).[1] To collect the judgment owed by Defendant, on February 19, 2021, the Government instituted this miscellaneous action by filing an application for a writ of continuing garnishment of the bank accounts of Defendant, through the Garnishee Bank of America, N.A. ("Garnishee"). (ECF Nos. 1, 12 at 2.)

On February 24, 2021, the Clerk of the Court issued the writ of continuing garnishment. (ECF No. 5.) On February 24, 2021, the Government filed a certificate of service demonstrating the Garnishee was served with the writ of continuing garnishment and associated materials. (ECF Nos. 6, 12 at 2.) On March 1, 2021, the Government filed a certificate of service demonstrating the Defendant was served with: (1) the application for writ of continuing garnishment; (2) the issued writ of continuing garnishment; (3) the clerk's notice of instructions to judgment debtor re: writ of continuing garnishment; (4) a judgment debtor's request for hearing form; (5) instructions to defendant/judgment debtor on how to claim exemptions and claim for exemption form; (6) instructions to judgment debtor re: objecting to the answer of garnishee; (7) a notice of availability of a magistrate judge to exercise jurisdiction and appeal instructions; and (8) a consent or decline jurisdiction of a United States magistrate judge form. (ECF Nos. 7, 12 at 2.)

On March 8, 2021, the Garnishee filed an acknowledgement of service and answer. (ECF Nos. 11, 12 at 2.) The answer indicates that the Garnishee has possess of a business bank account in which Defendant has an interest, along with a co-owner of the bank account Beatrice A. Valle ("Valle"), and the answer indicates that the balance of the account is $29,403.76. (ECF Nos. 11, 12 at 2.)

---

[1] Judicial notice may be taken "of court filings and other matters of public record." <u>Reyn's Pasta Bella, LLC v. Visa USA, Inc.</u>, 442 F.3d 741, 746 n.6 (9th Cir. 2006); <u>Lee v. City of Los Angeles</u>, 250 F.3d 668, 689 (9th Cir. 2001). The Court takes judicial notice of <u>United States v. Kyle Lamont Watis</u>, case no. 1:01-cr-05093-OWW (E.D. Cal. 2001). On March 1, 2021, a notice of relation to this action was filed in the criminal case. <u>Watis</u>, case no. 1:01-cr-05093-OWW, (ECF No. 26).

On March 9, 2021, the Government also served the co-owner of the bank account Valle, with a copy of the writ and related documents. (ECF Nos. 9, 12 at 2.) The certificate of service on the co-owner Valle demonstrates that the acknowledgement of service and answer of the Garnishee was served on Valle. (ECF No. 9 at 2.) On March 9, 2021, the Government served Defendant with a copy of the acknowledgement of service and answer of the Garnishee. (ECF No. 10.) On April 5, 2021, the Government filed the instant request for findings and recommendations for a final order of garnishment. (ECF No. 12.)

## III.

## LEGAL STANDARD

The FDCPA "sets forth the 'exclusive civil procedures for the United States . . . to recover a judgment on . . . an amount that is owing to the United States on account of . . . restitution.' " United States v. Mays, 430 F.3d 963, 965 (9th Cir. 2005) (quoting 28 U.S.C. §§ 3001(a)(1), 3002(3)(B) (alterations in original)). The Mandatory Victims Restitution Act ("MVRA") made restitution mandatory for certain crimes, including "an offense against property under this title . . . including any offense committed by fraud or deceit." 18 U.S.C. §§ 3663A(a)(1), 3663A(c)(1)(A)(ii); see also Mays, 430 F.3d at 965.

The MVRA provides that the United States may enforce a judgment imposing a fine, which includes restitution, in accordance with the practices and procedures for enforcing a civil judgment under the FDCPA. Mays, 430 F.3d at 965 & n.2. The FDCPA provides that "[a] court may issue a writ of garnishment against property (including nonexempt disposable earnings) in which the debtor has a substantial nonexempt interest and which is in the possession, custody, or control of a person other than the debtor, in order to satisfy the judgment against the debtor." 28 U.S.C. § 3205(a).

Under the FDCPA, the government is required to provide the judgment debtor with notice of the commencement of garnishment proceedings. 28 U.S.C. § 3202(b)-(c). The judgment debtor has twenty days after receipt of the notice to request a hearing, at which the judgment debtor may move to quash any order granting the garnishment. 28 U.S.C. § 3202(d). If a garnishment hearing is held, it is limited to the issues of: (1) "the probable validity of any claim of exemption by the judgment debtor;" (2) "compliance with any statutory requirement for the issuance of the postjudgment remedy granted; and (3) if the

judgment is by default and only to the extent that the Constitution or another law of the United States provides a right to a hearing on the issue, to—(A) the probable validity of the claim for the debt which is merged in the judgment; and (B) the existence of good cause for setting aside such judgment." 28 U.S.C. § 3202(d).

## IV.
## DISCUSSION

The Government proffers that as of April 5, 2021, Defendant still owed a judgment of $21,700.63, with interest accruing at a rate of 3.45%. (ECF No. 12 at 1.) Among other things, the documents served on Defendant, on March 1 and 9, 2021, advised him of his rights to claim exemptions to garnishment, to object to the Garnishee's acknowledgement of service and the Garnishee's answer, and to request a hearing. (ECF Nos. 7, 10.) Specifically, Defendant was advised that he had twenty (20) days from the date he received the Garnishee's answer to claim exemptions or request a hearing in opposition as required by 28 U.S.C. § 3202(d). Defendant has not filed any opposition to this garnishment proceeding, has not claimed exemptions, has not objected to the answer, and has not requested a hearing. The time to do so has expired.

Pursuant to the FDCPA, "[a]fter the garnishee files an answer and if no hearing is requested within the required time period, the court shall promptly enter an order directing the garnishee as to the disposition of the judgment debtor's nonexempt interest in such property." 28 U.S.C. § 3205(c)(7). Accordingly, the Court recommends that the Government's application for a final garnishment order be granted.

## V.
## RECOMMENDATIONS AND ORDER

For the reasons explained above, IT IS HEREBY RECOMMENDED that:

1. The Government's request for findings and recommendations for a final order of garnishment be GRANTED;
2. Garnishee Bank of America, N.A., be directed to pay the Clerk of the United States District Court $21,700.63 of the funds held by Garnishee in which Defendant and Judgment Debtor

          Kyle Lamont Watis, dba B&K Home Preservation, has an interest, within fifteen (15) days of the filing of the final order of garnishment;

3. Payment shall be made in the form of a cashier's check, money order or company draft, made payable to the Clerk of the Court and delivered to the United States District Court, Eastern District of California, 501 I Street, Room 4-200, Sacramento, California 95814, and the criminal docket number (1:01-CR-05093-OWW) shall be stated on the payment instrument;

4. The Court shall retain jurisdiction to resolve matters through ancillary proceedings in the case, if necessary; and

5. This garnishment shall be terminated when the payment is deposited with the Clerk of the Court.

This findings and recommendations is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. Within **twenty one (21) days** of service of this recommendation, any party may file written objections to this findings and recommendations with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

Additionally, IT IS HEREBY ORDERED that the Government shall serve a copy of this findings and recommendations on Defendant Kyle Lamont Watis and file notice of service within **three (3) days** from the date of entry of this findings and recommendations on the docket.

IT IS SO ORDERED.

Dated: **April 12, 2021**

UNITED STATES MAGISTRATE JUDGE

5